IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COLIN NEIL MEEK, ) | |
| ) | |
| Petitioner. ) | |
| ) | |
| vs. ) | Case No. CIV-08-206-HE |
| ) | |
| DAVID MILLER, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Respondent has filed a response to which Petitioner has not replied. As Petitioner's time to do so has lapsed, the merits of the petition are at issue. For the following reasons, it is recommended that the petition be denied.

By this action, Petitioner challenges his conviction upon his plea of guilty to one count of aggravated assault and battery after former conviction of two or more felonies, for which he was sentenced to a 30-year term of imprisonment. Case No. CF-2005-5895, District Court of Oklahoma County, Docket; Petition, p. 2;[1] Response, Ex. 2. Petitioner attempted to withdraw his guilty plea but, after conducting a hearing, the trial court denied his request. Application Hr'g Tr. (March 8, 2006) (attached to Response as Ex. 3). Petitioner appealed

---

[1]The page numbers used are the pre-printed page numbers in the upper right hand corner of the petition. Page 2 is actually the first page of the petition.

the denial of his application to withdraw his guilty plea to the Oklahoma Court of Criminal Appeals via a petition for a writ of certiorari, which was denied in a summary opinion. See Meek v. State, No. C-2006-300 (Okla. Crim. App. Jan. 29, 2007) (attached to Response as Ex. 6). Petitioner did not seek state post-conviction relief.

Petitioner raises one claim for relief. He alleges his guilty plea was not knowingly and voluntarily made because it was coerced by his attorney. Petition, p. 6.

**I. BACKGROUND**

In October 2005, Petitioner was arrested and charged with one count of kidnapping, one count of attempted rape in the first degree, and one count of aggravated assault and battery. Case No. CF-2005-5895, District Court of Oklahoma County, Docket. According to testimony obtained at a hearing on Petitioner's application to withdraw his guilty plea, shortly before Petitioner's first trial setting, the prosecution offered to recommend a 30-year sentence of imprisonment in exchange for Petitioner's guilty plea to all three charges. Tr. 17-19, 23. Petitioner rejected this offer, opting instead to await the results of DNA testing which eventually showed that Petitioner's DNA did not match DNA obtained from the victim. Tr. 18, 39. Thereafter, the prosecution offered to dismiss the kidnapping and rape charges and recommend a 30-year sentence for the assault and battery charge, to run concurrently with Petitioner's sentences in two other cases, in exchange for Petitioner's guilty plea. Tr. 10-11, 18, 38-39. According to Petitioner, he understood the prosecution's 30-year offer to be for

a "split" sentence of 15 years in prison followed by a 15-year term of probation. Tr. 15, 24-27.

A written Plea of Guilty and Summary of Facts form completed by Petitioner's attorney, and signed by Petitioner, reflected the terms of the plea agreement to be: "State to dismiss counts 1 & 2 . . . [count] 3 30 years to-do w[ith] credit & $45 [victim compensation assessment] . . . Case to run [concurrently] with CF 03-1893 & CF 99-2189." Response, Ex. 1, p. 28,[2] Tr. 10. On the Plea of Guilty and Summary of Facts form, Petitioner confirmed that: "my attorney completed this form and we have gone over the form and my attorney inserted my answers to the questions." Response, Ex. 1, p. 30 (capitalization altered). At his plea hearing, Petitioner represented to the court that he had gone over the plea materials with his attorney. Tr. 27. However, at the hearing on Petitioner's application to withdraw his guilty plea, Petitioner testified that he did not actually read the Plea of Guilty and Summary of Facts form. Tr. 16-17.

In any event, Petitioner accepted the offer and pled guilty to one count of aggravated assault and battery after two prior felony convictions and he was sentenced the same day, in accordance with the prosecution's recommendation, to a 30-year term of imprisonment with credit for time served, and with the sentence to run concurrently with his two other felony sentences. Response, Ex. 2. When the trial judge accepted Petitioner's guilty plea, he explained to Petitioner that the sentence would be for 30 years, without mentioning any

---

[2]The page number referenced is a pre-printed number in the bottom right hand corner of the exhibit.

period of suspension. Tr. 20, 35-36. Petitioner did not ask the court why the sentence had been pronounced at 30 years because he assumed that the court meant that for 15 of the 30 years total, he would be incarcerated, and that the 15 remaining years of the sentence would be suspended. Tr. 21, 32.

The attorney who represented Petitioner during plea negotiations testified that he never told Petitioner that he had been offered a 30-year split sentence of 15 years imprisonment and 15 years probation, and explained that Petitioner was ineligible for such a sentence at the time he pled guilty because Oklahoma law does not provide for a suspended sentence exceeding ten years and because Petitioner was ineligible for probation as a twice-convicted felon. Tr. 38-40. He speculated that he may have told Petitioner that he could "expect to serve somewhere between 30 and 50 percent of his time" and that he may have told him "at most he would serve 15 calendar [Department of Corrections] years . . . ." Tr. 39-40.

## II. STANDARD GOVERNING PETITIONS FOR A WRIT OF HABEAS CORPUS

For factual and legal issues that have been adjudicated in state court, a federal district court may only grant a writ of habeas corpus if the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court's determination is contrary to clearly established federal law if it applies a rule that

contradicts the law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). A state court's determination involves an unreasonable application of clearly established federal law if it identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the petitioner's case. Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

If a state court resolves issues in a summary disposition with little or no legal reasoning, a federal habeas court still owes deference to the result. Paine v. Massie, 339 F.3d 1194, 1198 (10th Cir. 2003). A state court's summary disposition must be upheld unless a federal habeas court is persuaded, after conducting an independent review of the record and pertinent federal law, that the state court's result "unreasonably applies clearly established federal law." Id. (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

### III.  DISCUSSION

Petitioner's sole argument is that his guilty plea was not entered knowingly and voluntarily because it was coerced by his attorney. Petition, p. 6. He explains that it was his understanding at the time he plead guilty that his sentence would be for 30-years with only the first 15 to be served in prison. Id.

Petitioner presented the same argument to the Oklahoma Court of Criminal Appeals in a petition for certiorari filed after the trial court denied his application to withdraw his guilty plea. Response, Ex. 5, pp. 2-3. The Oklahoma Court of Criminal Appeals rejected this claim, remarking that the record clearly showed that "Petitioner was sentenced in accordance with the bargained-for plea agreement. The trial judge went over the agreement thoroughly with Petitioner, who agreed to the term of incarceration." Id. at Ex. 6, p. 2.

Respondent contends this determination was not contrary to or an unreasonable application of clearly established federal law. Response, p. 5. Respondent asserts that the Court must show deference to the state courts' factual determination that Petitioner's plea was knowingly and voluntarily entered. Id. at 7.

The Due Process Clause of the Fourteenth Amendment requires a defendant's guilty plea to be knowingly and voluntarily made. Boykin v. Alabama, 395 U.S. 238, 242 (1969); Miles v. Dorsey, 61 F.3d 1459, 1465-66 (10th Cir. 1995). A plea is "knowing" if the defendant has "a full understanding of what the plea connotes and of its consequence." Boykin, 395 U.S. at 244. In order to be "voluntary," a plea must be "the product of a deliberate, intelligent choice." Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996). A defendant's misunderstanding about the length of his incarceration does not undermine the constitutionality of his plea unless the misunderstanding is "based upon [a] promise made by

the defense attorney, the prosecutor, or the court." Id. at 1061; accord Shaw v. McKune, No. 00-3070, 2000 WL 757481, at *1 (10th Cir. June 12, 2000).[3]

"The voluntariness of [a] plea can be determined only by considering all of the relevant circumstances surrounding it." Brady v. United States, 397 U.S. 742, 749 (1970). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from [the state court's] findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002).

As Respondent contends, the Oklahoma Court of Criminal Appeals' determination that Petitioner's guilty plea was knowingly and voluntarily entered is neither contrary to nor an unreasonable application of clearly established federal law, and it is not based upon an unreasonable determination of the facts. The factual record before the Oklahoma Court of Criminal Appeals demonstrates that Petitioner's guilty plea was knowingly and voluntarily entered.

Though Petitioner contends he believed he was pleading guilty in exchange for a 30-year split sentence with 15 of the 30 years to be served in prison, his attorney maintained that no such offer was ever made or communicated to Petitioner, and that the only term of imprisonment he was ever offered was for 30 years. Tr. 39-40. Petitioner's written Guilty Plea and Summary of Facts form, and the events that transpired at his plea hearing, corroborate this testimony. The written Guilty Plea and Summary of Facts form indicates

---

[3] This unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1

that Petitioner agreed to plead guilty to one charge in exchange for a 30-year sentence to run concurrently with his sentences in two other matters. Response, Ex. 1, p. 28. At the plea hearing where the trial court determined that Petitioner's guilty plea was knowingly and voluntarily given, Petitioner represented to the court that he read and reviewed the contents of his written plea agreement with his attorney, and that he understood it. The trial court specifically admonished Petitioner that the sentence he agreed to plead guilty to was for 30-years. Petitioner was given the opportunity to ask questions about the meaning of his plea agreement, and he did not do so. Tr. 21, 32.

The state court records do not indicate that either the trial court, prosecutor, or Petitioner's attorney misrepresented that terms of the plea offer to Petitioner or made any promises to induce his plea. To the extent that Petitioner did misunderstand the length of incarceration contained within the plea offer he accepted, such misunderstanding was not created by a third party, and Petitioner forewent at least two opportunities to correct his misunderstanding. He did not review his written plea agreement even though he told the trial court he had done so, and he did not ask the trial judge what it meant when the judge advised Petitioner that the agreed-upon sentence was for 30 years. Under these circumstances, Petitioner's alleged misunderstanding does not undermine the constitutionality of his plea. See Cunningham, 92 F.3d at 1061.

Since the Oklahoma Court of Criminal Appeals' determination that Petitioner's guilty plea was knowingly and voluntarily made is not an unreasonable determination of the facts,

and is not contrary to or an unreasonable application of clearly established federal law, Petitioner is not entitled to § 2254 relief.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the petition for writ of habeas corpus be denied. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 3rd, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 15th  day of October, 2008.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE